JOHN H. PODESTA (SBN 7487)
john.podesta@wilsonelser.com
Christopher Phipps (NV Bar No. 3788)
christopher.phipps@wilsonelser.com
WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER LLP
525 Market Street – 17th Floor
San Francisco, CA  94105-2725
Telephone:  (415) 433-0990
Facsimile:  (415) 434-1370

*Address for Personal Service Only*
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
300 South 4th Street, Ste. 1100
Las Vegas, NV 89101

Attorneys for Plaintiff
IRONSHORE SPECIALTY INSURANCE CO.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA -- RENO

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY, | Case No.: |
| | **PLAINTIFFS' COMPLAINT FOR:** |
| Plaintiff, | **(1) DECLARATORY RELIEF REGARDING DUTY TO DEFEND;** |
| v. | **(2) DECLARATORY RELIEF REGARDING DUTY TO INDEMNITY; AND** |
| FLETCHER ROOFING AND SIDING, INC., and JOSE GOMEZ-DELGADO, JASON E. MITCHELL and SHANTEL MITCHELL and DOES 1 through 10 | **REQUEST FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Ironshore Specialty Insurance Company ("Plaintiff" or "Ironshore"), for its Complaint against Defendant, Fletcher Roofing and Siding, Inc., ("Defendant" or "FLETCHER") and Jose Gomez-Delgado ("GOMEZ") and Jason E. Mitchell and Shantel Mitchell ("MITCHELLS") and DOES 1 through 10 ("Defendants"), alleges as follows:

## DEMAND FOR JURY TRIAL

1.     Plaintiff demands a trial by jury on all issues triable by jury in the above entitled action.

## FEDERAL JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

3.     Venue is proper in the District of Nevada, because a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred in Washoe County, Nevada; the underlying liability lawsuit out of which Plaintiff's claim arises is venued in this District.

## PARTIES

4.     Plaintiff, at all times mentioned herein is, and was, a corporation duly organized and existing under the laws of the State of Arizona , with its principal place of business in Boston, Massachussets.   At all times mentioned herein, Plaintiff is, and was, a Surplus Lines insurer conducting business in the State of Nevada.

5.     Defendant FLETCHER is a corporation duly organized and existing under the laws of the State of Nevada with its principal place of business located in Reno, Nevada.

6.     Defendant GOMEZ is an individual residing in Reno, Nevada.

7.     Defendant MITCHELLS are individuals residing in Washoe County, Nevada

8.     Plaintiff is informed and believes and, based thereon, alleges that DOES 1 through 10 are businesses licensed to do business in the State of Nevada or conducting business therein.   The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as DOES 1 through 10 are unknown to Plaintiff at this time, and for that reason Plaintiff sues said defendants by fictitious names.   Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said defendants when they have been ascertained.

9.     Plaintiff is informed and believes and, based thereon, alleges that each of the fictitiously named defendants designated as DOES 1 through 10 are in some manner legally responsible to Plaintiffs for the acts, omissions and damages set forth in this Complaint, have an interest in the policy of insurance which Plaintiff seeks a declaration of, or to contribute to the cost of defense and/or indemnity already paid and to be paid by Plaintiff.   Plaintiff will request leave to amend this Complaint to set forth the true names and capacities of these DOE defendants when the same are ascertained.   The defendants identified above, and DOES 1 through 10, inclusive, are hereafter sometimes referred to individually and collectively as "Defendants."

## GENERAL ALLEGATIONS

### The Insurance Policies

10.     Plaintiff insured Defendant FLETCHER under a General Liability policy bearing number RCS00229-03, with a policy period of August 7, 2017 to August 7, 2018. (hereinafter "the Policy").   A true and correct copy of the Policy is attached hereto as **Exhibit A).**

11.     The Policy provided liability coverage under **COVERAGE A – Bodily Injury And Property Damage Liability** which provided in pertinent part (portions that are in **bold** are that way in the policy, portions in *itallics/underlined* are done to highlight relevant portions to this case):

Throughout this policy the words *"you" and "your" refer to the Named Insured shown in the Declarations*, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word *"insured" means any person or organization qualifying as such under Section II – Who Is An Insured.*

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. *However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.* We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

12.    The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

13.    The Policies define "insured" as including the Named Insured ("FLETCHER") and employees who are either in the scope of their employment for the Named Insured or performing duties related to the conduct of the business of the Named Insured.  Specifically:

**COMPLAINT**

## SECTION II – WHO IS AN INSURED

1.    If you are designated in the Declarations as:

...

d. An organization other than a partnership, joint venture or limited liability company, *you are an insured.* Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.    Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

14.    The Policies exclude coverage for certain liability under Section I – Coverages A, 2 Exclusions.  The Policies exclude coverage for the following with the definitions included:

**2. Exclusions**

This insurance does not apply to:

...

**g.      Aircraft, Auto or Watercraft.**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft "auto" or watercraft owned or operated by or rented to or loaned to any insured.   Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the

**COMPLAINT**

supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damages" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured....

**DEFINITIONS:**

2. "Auto" means:

> a. *A land motor vehicle, trailer or semitrailer designed for travel on public roads*, including any attached machinery or equipment; or

> b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

11.   "Loading or Unloading" means the *handling of property:*

> a.   *After it is moved from the place where it is accepted for movement into or onto an* aircraft, watercraft or *"auto"*.

> b.   While it is in or on an aircraft, watercraft or "auto"; or

> c.   While it is being moved from an aircraft watercraft or "auto" to the place where it is finally delivered.

But "loading or unloading" does not include movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

### The Underlying Action

15.   On approximately May 13, 2018, Defendant GOMEZ was traveling on Nevada State Route 445, "Pyramid Lake Highway", when a piece of plywood came loose from the rack or bed of the vehicle being operated by GOMEZ and

flew into oncoming traffic, striking and penetrating the windshield of a vehicle operated then by Jason E. Mitchell, who allegedly suffered personal injuries as a result. ("The Accident").

16.    As a result of The Accident, MITCHELLS filed action number CV18-01153 against GOMEZ and FLETCHER seeking damages for personal injuries sustained in The Accident in Washoe County District Court Case number CV18-01153 against GOMEZ and FLETCHER. ("Underlying Action")  Plaintiff refers herein to the Underlying Action for the purposes of illustrating the claims being made by Mitchell, and takes no position as to their truth or falsity.

17.    A True and correct copy of the complaint in the Underlying Action is attached hereto as **Exhibit B.**

18.    FLETCHER tendered the Underlying Action to Plaintiff and Plaintiff disclaimed coverage based upon Exclusion g of Section I, Coverages, the "auto exclusion" quoted above.  In November 2019, FLETCHER, through its personal counsel, requested that Plaintiff re-consider its position that the "auto" exclusion applied, based on the testimony of officer Lujan, who investigated The Accident. On December 3, 2019, Certus Claims, the claim administrator for Plaintiff requested additional information in order to be prepared for the scheduled mediation on December 17, 2019 that FLETCHER demanded Plaintiff attend.  At a mediation held December 17, 2019, FLETCHER's insurer retained lawyer in the Underlying Action, along with FLETCHER's personal counsel and Mitchells' lawyer requested re-consideration by Plaintiff and that Plaintiff pay its policy limits of $1,000,000 to settle the Underlying Action. At the mediation, for the first time, IRONSHORE was provided with materials and evidence responsive to its December 3, 2019 request regarding GOMEZ' employment with FLETCHER and bases of liability.

///

///

19.    At the mediation, FLETCHER and MITCHELLS agreed to a settlement of the Underlying Action that included a stipulated judgment and a covenant that MITCHELLS would not execute on the judgment in their favor and against FLETCHER.   To date, neither FLETCHER nor MITCHELLS have provided facts or documents that may support a claim by MITCHELLS against FLETCHER besides that set forth in the complaint from the Underlying Action, to wit: that GOMEZ was an employee in the course and scope of his employment with FLETCHER at the time of the Accident, that GOMEZ was negligent and caused the Accident and therefore FLETCHER is vicariously liable for the torts of GOMEZ.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Against all Defendants Regarding Duty to Defend)

### (Against All Defendants)

20.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 above as though fully set forth herein.

21.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights, duties and obligations, arising from the terms, provisions and conditions set forth in the Policy.

22.    Plaintiffs contend that under the terms and conditions of the Policy, there was never any obligation to defend FLETCHER against the claims asserted in the Underlying Action, and there is currently no such duty.  Namely, Exclusion g to the Ironshore policy states that the insurance does not apply to "bodily injury" or "property damage" arising out of the ownership, maintenance, _use_ or entrustment to others of any aircraft "auto" or watercraft owned or _operated by_ or rented to or loaned to _any insured_, where "use" _includes operation and "loading or unloading"_.  In this case: 1) MITCHELLS sued in the Underlying Action for "bodily injury" and "property damage", 2) the cause of their injury is the operation and/or the "use" of GOMEZ' pickup truck, an "auto" as defined by the

**COMPLAINT**

policy, 3) GOMEZ, to the extent he was either acting on behalf of FLETCHER or in the course of his employment with FLETCHER is an "insured" under Plaintiff's Policy.  Simply, IF FLETCHER is liable in the Underying Action, its liability and GOMEZ' liability is excluded and not covered by the Policy.  Based upon information and belief, Plaintiff contends that Defendants' position is the contrary.

23.    An actual and present controversy now exists between Plaintiffs and Defendants concerning Plaintiffs' duty to defend FLETCHER in the Underlying Action.  Therefore, a judicial determination is necessary and appropriate under the circumstances.    Plaintiffs seek this declaration against both FLETCHER and GOMEZ.

Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief Regarding Duty to Indemnify)
### (Against All Defendants)

24.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 above as though fully set forth herein.

25.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights, duties and obligations, arising from the terms, provisions and conditions set forth in the Policies with respect to coverage for Defendant FLETCHER in the Underlying Action.

26.    Plaintiffs contend that under the terms and conditions of the Policy, there was never any obligation to indemnify FLETCHER against the claims asserted in the Underlying Action, and there is currently no such duty.  Namely, Exclusion g to the Ironshore policy states that the insurance does not apply to "bodily injury" or "property damage" arising out of the ownership, maintenance, *use* or entrustment to others of any aircraft "auto" or watercraft owned or *operated by* or rented to or loaned to *any insured*, where "use" *includes operation and*

1  *"loading or unloading"*.  In this case:  1) MITCHELLS sued in the Underlying

2  Action for "bodily injury" and "property damage", 2) the cause of their injury is

3  the operation and/or the "use" of GOMEZ' pickup truck, an "auto" as defined by

4  the policy by GOMEZ, 3) GOMEZ, to the extent he was either acting on behalf of

5  FLETCHER or in the course of his employment with FLETCHER is an "insured"

6  under Plaintiff's Policy.  Simply, IF FLETCHER is liable in the Underlying

7  Action, THEN its liability and GOMEZ' liability is excluded and not covered by

8  the Policy.  There is no possibility that FLETCHER will be liable to

9  MITCHELLS on a basis that is not excluded and therefore covered by the Policy.

10  Based upon information and belief, Plaintiff contends that Defendants' position is

11  the contrary.

12        27.    Since an actual and present controversy now exists between Plaintiffs

13  and Defendants concerning Plaintiffs' duty to indemnify FLETCHER with respect

14  to the Underlying Action, a judicial determination is necessary and appropriate

15  under the circumstances.  Plaintiffs seek this declaration against both Defendants.

16  Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

17                          **PRAYER FOR RELIEF**

18        WHEREFORE, Plaintiffs pray for relief and judgment against Defendants

19  in an amount in excess of the jurisdictional limits of this Court as follows:

20        1.    For a judicial determination on the First Cause of Action that

21  Plaintiffs have no duty or obligation under the Policies to defend FLETCHER or

22  GOMEZ in the Underlying Action;

23        2.    For a judicial determination on the Second Cause of Action that

24  Plaintiffs have no duty or obligation under the Policies to indemnify FLETCHER

25  or GOMEZ in the Underlying Action;

26        3.    For other general damages according to proof;

27        4.    For pre- and post- judgment interest as provided by law;

28        5.    For costs of suit herein; and

1

6.      For such other relief as the Court deems just and proper.

2

3    Dated:  January 2, 2020                        WILSON, ELSER, MOSKOWITZ,
4                                                          EDELMAN & DICKER LLP

5
6                                              By: _____
7                                              John H. Podesta (NV Bar No. 7487)
                                               Attorney for Plaintiff
8                                              Ironshore Specialty Insurance
                                               Company
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT